IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY A. SMILEY,
        Plaintiff,

v.                                          Civil Action No. 3:18-cv-00026-JAG

FORCEPOINT FEDERAL, LLC,
        Defendant.

## OPINION

This matter comes before the Court on the defendant's motion to compel arbitration. The plaintiff, Jeffrey Smiley, alleges that the defendant, Forcepoint Federal, LLC ("Forcepoint"), discriminated against him in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA"). Relying on an arbitration clause in Smiley's employment contract, Forcepoint has filed a motion to compel arbitration.

The Court will grant Forcepoint's motion. Smiley must pursue his claims in arbitration because (1) the Federal Arbitration Act ("FAA") encompasses the arbitration provision in the employment contract, and (2) Forcepoint has not engaged in undue delay or burdened Smiley such that it has defaulted on its right to compel arbitration.

## I. BACKGROUND

Smiley, a fifty-year-old white man, worked for Forcepoint as a salesman. In this case, he says that Forcepoint engaged in a pattern of disparate treatment in favor of younger, female client executives. In support of that theory, Smiley claims that Forcepoint redirected established client accounts from older, male client executives to their younger, female colleagues and failed to discipline younger, female employees for poor performance. Because of this practice, Forcepoint eventually fired Smiley for failing to generate revenue.

Approximately seven months after Smiley filed his complaint, Forcepoint filed this motion to compel arbitration on July 30, 2018. (Dk. No. 16.) Before Forcepoint filed this motion, Forcepoint had filed a motion for extension of time to file an answer, an answer, a proposed discovery plan, a motion for extension of time to respond to a discovery motion, a response in opposition to a motion to compel discovery, and a motion for entry of an agreed protective order. Forcepoint filed no dispositive motions before moving to compel arbitration.

Forcepoint argues that the arbitration clause in Smiley's employment agreement prevents him from asserting his claims in this Court. The arbitration provision of the Agreement provides,

### 10. ARBITRATION.

> In the event of any controversy or dispute between you and the Company or between you and any affiliate or an agent of Company . . . as to all or any part of this Agreement, any other agreement, or any dispute or controversy whatsoever pertaining to or arising out of the relationship between you and the Company or the dissolution or termination of same (collectively, "**Arbitrable Disputes**") shall, subject to Section 11.1 herein, be resolved exclusively by binding arbitration solely between yourself and the Company conducted in Virginia, which shall be conducted in accordance with the procedures set forth in the Dispute Resolution Addendum appended hereto as Schedule 2 (the "**Addendum**"), all of which are incorporated into this Agreement. All Arbitrable Disputes under this Agreement must be brought in your individual capacity, and not as a plaintiff or class member in any purposed class or representative proceeding.

(Def.'s Mem. Supp. Mot. Compel Arbitration, Ex. A, ¶ 10.)

Smiley responds that the arbitration agreement is "ambiguous, non-mutual and unconscionable," and asks the Court to delay ruling on this motion until the parties conduct discovery regarding the employment agreement. (Pl.'s Resp. Opp. to Mot. Compel Arbitration 1.) Citing Forcepoint's failure to include the arbitration clause as an affirmative defense in its answer, Smiley has also filed a motion for attorney's fees.

2

## II. DISCUSSION

The FAA reflects "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see* 9 U.S.C. §§ 1-16. This policy stems from Congress's position that "arbitration constitutes a more efficient dispute resolution process than litigation." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (citing *Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir.2001)). Accordingly, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475-76 (1989).

Recognizing the FAA's purpose to "reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts," the Supreme Court has enforced arbitration agreements when a plaintiff asserts federal statutory claims. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)). The Fourth Circuit has held that "the provisions of the FAA . . . apply to employment agreements to arbitrate discrimination claims brought pursuant to federal statutes, including Title VII of the Civil Rights Act." *Murray v. United Food & Commercial Workers Int'l Union*, 289 F.3d 297, 302 (4th Cir. 2002) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001); *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999)).

### A. Arbitrability

Courts conduct a three-step inquiry when determining whether the FAA requires a plaintiff to pursue a claim in arbitration: (1) whether the parties consented to arbitration of their claim; (2) if so, whether Congress intended to exempt arbitration in the circumstances of the

case; and (3) if Congress did not intend to exempt arbitration, whether arbitration provides a means to vindicate the plaintiff's claim. *Green Tree*, 531 U.S. at 90. "[I]n light of the well-settled fact that Congress has not evinced an intention to preclude a waiver of judicial remedies for Title VII employment disputes, it is only necessary to address the first and third steps of the inquiry." *Koridze v. Fannie Mae Corp.*, 593 F. Supp. 2d 863, 867 (E.D. Va. 2009).[1]

### 1. Consent to Arbitration

The parties here agreed to submit the claims at issue to arbitration. The arbitration provision requires binding arbitration involving "any dispute or controversy whatsoever pertaining to or arising out of the relationship ... [with] the Company." (Def.'s Mem. Supp. Mot. Compel Arbitration, Ex. A, ¶ 10.) Smiley's employment discrimination claims arise out of his relationship with Forcepoint.[2] *See Koridze*, 593 F. Supp. 2d at 867 (finding that similarly broad language in an arbitration provision encompassed employment discrimination claims). Accordingly, the parties agreed to arbitrate Smiley's claims under Title VII and the ADEA.

### 2. Means to Vindicate the Plaintiff's Claims

Smiley argues that the prohibitive costs of arbitration render the arbitration clause unconscionable and one-sided.[3] When "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of

---

[1] To compel arbitration under the FAA, Forcepoint must show: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to govern the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016). In this case, Smiley only contests the validity of the arbitration agreement.
[2] Moreover, the arbitration agreement contemplates disputes involving claims of discrimination. (*See* Def.'s Mem. Supp. Mot. Compel Arbitration, Ex. B, ¶ c.)
[3] Although Smiley advances no argument as to the three-step inquiry under *Green Tree*, the Court construes his assertions regarding unconscionability as an effort to argue that arbitration would not provide a means to vindicate his claims under the third prong. *See Green Tree*, 531 U.S. at 90.

showing the likelihood of incurring such costs." *Green Tree*, 531 U.S. at 92. The Fourth Circuit has determined that the "appropriate inquiry" under the third prong of the *Green Tree* test "focuses . . . upon the claimant's ability to pay the arbitration fees and costs, the expected cost differential between arbitration and litigation in court, and whether the cost differential is so substantial as to deter the bringing of claims." *Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 556 (4th Cir. 2001). When the record contains little to no evidence that the plaintiff would bear such prohibitive costs, "[t]he 'risk' that [the plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." *Green Tree*, 531 U.S. at 91.

Smiley has failed to demonstrate that the arbitration agreement prevents him from effectively vindicating his claims in arbitration. Despite his assertion that the arbitration agreement makes recovery impossible, the arbitration agreement permits the arbitrator to award costs and fees "if a party prevails on a statutory claim that afford the right to recover attorneys' fees and/or costs." (Def.'s Mem. Supp. Mot. Compel Arbitration, Ex. B ¶ *l*.) Other than a generalized "risk" that arbitration would result in prohibitive costs, Smiley has provided no evidence that arbitration would cause him to incur such costs. *Green Tree*, 531 U.S. at 91. Because the parties consented to arbitration of Smiley's claims and arbitration provides a means for him to vindicate his claims, the FAA governs the arbitration agreement in this case.[4]

---

[4] To the extent that Smiley asserts an unconscionability defense as to the arbitration agreement *generally*, that defense fails. *See Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 305 (4th Cir. 2001) ("Unconscionability is a narrow doctrine whereby the challenged contract must be one which no reasonable person would enter into, and the 'inequality must be so gross as to shock the conscience.'" (quoting *L&E Corp. v. Days Inns of Am., Inc.*, 992 F.2d 55, 59 (4th Cir. 1993))). Any inequality resulting from the arbitration agreement falls far short of the "shock the conscience" standard for unconscionability. *Id.* Smiley also asks the Court to delay ruling on Forcepoint's motion because the parties have not conducted discovery regarding the arbitration agreement. That argument also lacks merit. *See, e.g., Wash. Square Sec., Inc. v. Aune*, 253 F.

5

## B. Default

Smiley also claims that Forcepoint defaulted on its right to compel arbitration by failing to mention arbitration in its answer and for taking nearly seven months to invoke the arbitration clause. Although the FAA reflects "a liberal policy" regarding arbitration, this policy "is not without limits." *DeGidio v. Crazy Horse Saloon & Rest., Inc.*, 880 F.3d 135, 140 (4th Cir. 2018). "A litigant may waive its right to invoke the [FAA] by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987). "But even in cases where the party seeking arbitration has invoked the 'litigation machinery' to some degree, '[t]he dispositive question is whether the party objecting to arbitration has suffered actual prejudice.'" *Id.* (quoting *Fraser*, 817 F.2d at 252). "Two factors specifically inform [the] inquiry into actual prejudice: (1) the amount of the delay; and (2) the extent of the moving party's trial-oriented activity." *Stedor Enters., Ltd. v. Armtex, Inc.*, 947 F.2d 727, 730 (4th Cir. 1991).

### 1. Delay

"[A] delay of several months, without more, is insufficient to demonstrate the opposing party suffered actual prejudice." *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 703 (4th Cir. 2012) (finding no prejudice in a six-and-a-half-month delay). In this case, Smiley filed his complaint on January 10, 2018, and Forcepoint filed its motion to compel arbitration on July 30, 2018. Forcepoint, therefore, delayed invoking the arbitration clause for six months and twenty days. Such a short amount of time prevents Smiley from demonstrating actual prejudice from Forcepoint's delay. *See Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380

---

Supp. 2d 839, 845 (W.D.N.C. 2003) ("[T]here is no need to conduct any discovery, albeit limited, where it is clear that the instant dispute is, in fact, arbitrable.").

6

F.3d 200, 205 (4th Cir. 2004) (finding no prejudice in a four-month delay); *Maxum Founds., Inc.*, 779 F.2d at 982 (finding no prejudice in a three-month delay).

Smiley argues that he suffered prejudice because he incurred approximately $20,000 in legal fees, but provides no facts to substantiate that claim. *Cf. Patten*, 380 F.3d at 208 (declining to base prejudice on costs incurred when the opposing party failed to adequately prove the expense). "Although incurring significant expense as a result of extended litigation can be part of actual prejudice, such cases usually involve resources expended specifically in response to motions filed by the party who later seeks arbitration." *Rota-McLarty*, 700 F.3d at 703. In any event, Smiley did not have to expend significant resources responding to any substantial motions before Forcepoint moved to compel arbitration. *See Fraser*, 817 F.2d at 252 (finding prejudice when the party opposing arbitration "had to respond to . . . a motion for partial summary judgment and three motions to dismiss"). Smiley, therefore, suffered no actual prejudice from Forcepoint's minimal delay.

*2. Trial-Oriented Activity*

Because Forcepoint filed no motions to dismiss, motions for summary judgment, or any other dispositive motions before moving to compel arbitration, Forcepoint did not attempt to litigate this matter on the merits. *See Green Tree*, 531 U.S. at 92. In *Rosa-McLarty*, the Fourth Circuit found no prejudice to the plaintiff when the defendant removed the case to federal court, filed an answer, proposed a bifurcated discovery plan, and took the plaintiff's deposition. 700 F.3d at 704; *see also Garrett v. Margolis, Pritzker, Epstein & Blatt, P.A.*, 861 F. Supp. 2d 724, 729 (E.D. Va. 2012) (finding no prejudice when the defendant filed two motions to dismiss on the merits). In contrast, the plaintiff did suffer prejudice when the defendant "filed multiple motions for summary judgment, served discovery, and twice asked the district court to certify

questions of state law to the South Carolina Supreme Court." *DeGidio*, 880 F.3d at 141. Because neither Forcepoint's delay nor its minimal trial-related activities demonstrate that Smiley suffered actual prejudice, Forcepoint has not defaulted on its right to enforce the arbitration agreement.

## III. CONCLUSION

For the reasons stated in this Opinion, the Court will grant Forcepoint's motion to compel arbitration and will dismiss this case without prejudice.[5] Additionally, the Court will deny as moot the pending motions in this case.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 5 Nov. 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[5] "A court may dismiss or stay a suit that is governed by the FAA." *Chronister v. Marks & Harrison, P.C.*, No. 3:11cv688, 2012 WL 966916, at *2 (E.D. Va. Mar. 21, 2012). "The law remains unsettled as to whether a court should stay or dismiss a case when all claims are subject to arbitration, but no question exists that the Court has the discretion to take either opinion." *Quality Plus Servs., Inc. v. AGY Aiken LLC*, No. 3:16cv727, 2017 WL 2468792, at *6 (E.D. Va. June 7, 2017). Because all of Smiley's claims are subject to arbitration, the Court will exercise its discretion to dismiss this case without prejudice.